# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARELIS NUNEZ,**

      **Plaintiff,**

**v.**                                                      **Case No: 6:14-cv-1485-Orl-31GJK**

**J.P. MORGAN CHASE BANK, N.A.,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Strike Plaintiff's Jury Trial Demand (Doc. 81) filed by the Defendant, J.P. Morgan Chase Bank, N.A. ("Chase"), and the Response in Opposition (Doc. 84) filed by the Plaintiff, Arelis Nunez.

This case arises out of Plaintiff's default on her mortgage and subsequent errors allegedly made by Chase in the servicing of that mortgage. It is undisputed that Chase never owned the mortgage and only serviced the loan on behalf of the mortgagee. Specifically, Chase admits that "[a]t all material times prior to September 16, 2014, Chase serviced Plaintiff's mortgage loan on the investor's behalf. However, Chase does not, and never has, owned the subject mortgage loan." (Doc. 66 ¶ 10.) In spite of this, Chase argues that Plaintiff's request for a jury trial should be stricken because the mortgage agreement contains a jury waiver provision. Chase's argument is inapposite under the Seventh Amendment.

Any curtailment of the Seventh Amendment right to a jury trial "should be scrutinized with the utmost care." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). Courts must "indulge every reasonable presumption against waiver" and "jealously guard"

the right to a jury trial. *Jacob v. City of New York*, 315 U.S. 752, 752 (1942); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995).

Given the importance of the right to a jury trial, and the fact that Chase—a nonparty to the mortgage agreement—has presented no facts showing that it has standing to invoke the jury waiver provision, the Court will deny the motion. *See Shallenburg v. PNC Bank, N.A.*, No. 8:16-CV-810-T-33JSS, 2016 WL 3525203, at *2 (M.D. Fla. June 28, 2016) (finding that a nonparty to a mortgage lacked standing to invoke a jury waiver clause found therein).

It is, therefore, **ORDERED** that Defendant's Motion to Strike (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 3, 2017.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party