# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARELIS NUNEZ,**

       **Plaintiff,**

**v.**                                                              **Case No:   6:14-cv-1485-Orl-31GJK**

**J.P. MORGAN CHASE BANK, N.A.,**

       **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Partial Judgment on the Pleadings (Doc. 82) filed by the Defendant, J.P. Morgan Chase Bank, N.A. ("Chase"), and the Response in Opposition (Doc. 85) filed by the Plaintiff, Arelis Nunez.

**I.   Background**

According to the facts in the Amended Complaint, which are accepted as true for the purposes of this Order, Plaintiff fell behind on her mortgage payments in 2010, and Chase, the servicer of the mortgage, initiated foreclosure proceedings. (Doc. 24 ¶¶ 10, 12.) In October 2012, the state court entered a foreclosure judgment, but, prior to the foreclosure sale, Chase and Plaintiff entered into a loan modification agreement that allowed Plaintiff to avoid foreclosure by making reduced trial payments. (*Id.* ¶ 13, 14.) In spite of the agreement and Plaintiff's fulfillment of her obligations under the agreement, Chase failed to timely notify the state court that the foreclosure should be cancelled and the foreclosure sale proceeded on March 20, 2013. (*Id.* ¶ 15.) Nevertheless, Plaintiff continued making payments in accordance with the modified loan agreement and, on May 8, 2013, the trial modification became permanent. (Doc. 24-2 at 2.)

On May 17, 2013, Chase sought rescission of the foreclosure sale, but was unsuccessful. After this failure, Chase cancelled the now-permanent modification agreement and stopped applying Plaintiff's payments to her account. On February 24, 2014, Chase again sought rescission of foreclosure sale.

On March 3, 2014, Plaintiff sent a Real Estate Settlement Procedures Act ("RESPA")[1] notice-of-error letter to Chase requesting that it investigate and remedy two errors: the wrongful foreclosure of her home, and the non-acceptance of her payments. (Doc. 24-1.) Despite a detailed description of the above events, Chase concluded that it made no error and that the modification had been cancelled. (Doc. 24 ¶ 17; Doc. 24-2.) Chase further provided it was willing to review Plaintiff's mortgage for modification if its second attempt at rescission was successful. The rescission action was successful and the foreclosure sale was rescinded on May 15, 2014. As promised, Chase reopened negotiations for loan modification and offered to renew the original modification agreement if Plaintiff paid arears. Plaintiff paid the requested amount on July 3, 2014, and the loan modification agreement was completed on August 22, 2014. (Doc. 24-6.)

In spite of the renewed agreement and payment by Plaintiff, Chase continued sending letters to Plaintiff threatening acceleration of the loan and foreclosure. These letters claimed that Plaintiff was in default and included a list of alleged past-due payments. (Doc. 24 ¶ 21.) Plaintiff sent a second RESPA notice of error letter to Chase on September 8, 2014, documenting its continued failure to honor the modification agreement. But, again, Chase denied making any error. Plaintiff filed this action against Chase on September 10, 2014; and, on September 16, 2014, the loan was transferred to another mortgage servicer.

---

[1] 12 U.S.C. § 2601 *et. seq.*

In its motion, Chase argues that Plaintiff failed to state a claim for punitive damages related to Count II, Plaintiff's negligence action. Plaintiff opposes the motion arguing that it is barred by Federal Rule of Civil Procedure 12(g)(2) and that she has adequately alleged a reasonable basis for the recovery of punitive damages.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

The standard applied to a Rule 12(c) motion is essentially identical to the standard applied to a Rule 12(b)(6) motion. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997) (citations omitted). In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, courts must accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). Thus, a judgment on the pleadings is granted for the defendant only if "the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## III. Discussion

### A. Federal Rule of Civil Procedure 12(g)(2)

As an initial matter, Plaintiff argues that Federal Rule of Civil Procedure 12(g)(2) bars Chase from bringing the current motion because it already brought an earlier Rule 12 motion. (*See* Doc. 31.) Rule 12(b) gives litigants the option to raise certain defenses by preliminary motion. Rule 12(g) provides that a litigant may combine all Rule 12 defenses into a single motion and that,

if a Rule 12 motion is made, then another cannot be made "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Specifically excepted from Rule 12(g)(2) are the defenses found in Rule 12(h)(2). Rule 12(h)(2) provides that the defense of "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ." Since Chase's motion asserts that Plaintiff has failed to state a claim upon which punitive damages can be granted, Chase's motion will be considered.

### B.     Punitive Damages

In its motion, Chase argues that Plaintiff's claim for punitive damages is noncompliant with the requirements of Florida Statute § 768.72. That section prohibits a claimant from alleging punitive damages until he has made "a reasonable showing by evidence in the record . . . which would provide a reasonable basis for recovery of such damages." Fla. Stat. § 768.72(1). This procedural requirement has been rejected by the Eleventh Circuit because of its conflict with the "short plain statement" pleading requirement of Federal Rule of Civil Procedure 8(a)(1). *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 F.3d 1069, 1076–77, 1083 (11th Cir. 2000).

But the Eleventh Circuit has also found that the substantive portion of Florida's punitive damages statute remains intact. *Id.* at 1297; *Hogan v. Provident Life & Acc. Ins., Co.*, 665 F. Supp. 2d 1273, 1289 (M.D. Fla. 2009). Therefore, a plaintiff seeking punitive damages under Florida Statute § 768.72 cannot state a claim by merely making conclusory allegations; rather, a plaintiff must plead specific acts committed by the defendant showing intentional misconduct or gross negligence. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340–41 (11th Cir. 2001); *Hogan*, 665 F. Supp. 2d at 1289–90.

Under § 768.72, "intentional misconduct" means the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. Fla. Stat. § 768.72(2)(a). "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted the conscious disregard or indifference to the life, safety, or rights or persons exposed to such conduct. *Id.* § 768.72(2)(b). Additionally, a corporation may be subjected to punitive damages for the intentional misconduct or gross negligence of an employee if the corporation "actively or knowingly participated in such conduct; the officers, directors or managers of the . . . corporation . . . knowingly condoned, ratified, or consented to such conduct; or the . . . corporation . . . engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant." *Id.* § 768.72(3).

Here, Plaintiff has alleged that she and Chase entered into a valid mortgage modification agreement with the objective of keeping Plaintiff in her home. Despite this agreement, Chase failed to timely request postponement of the pending foreclosure action and the foreclosure sale proceeded. Plaintiff notified Chase of the mistake, but Chase responded that the loan modification had been cancelled due to the inability to rescind the foreclosure sale. Eventually, the foreclosure sale was successfully rescinded, and Chase agreed to reinstate the original modification agreement if Plaintiff paid certain arrears. Plaintiff made the payment and Chase accepted it. Despite the renewed agreement, Chase continued sending Plaintiff letters claiming she was in default and threatening another foreclosure. Plaintiff repeatedly notified Chase of all of the above, but Chase flatly denied any error.

Accepting all of the above facts as true and construing them in favor of Plaintiff, there is a plausible claim that Chase's servicing of Plaintiff's loan was so wanting in care that it constituted indifference to Plaintiff's right to be free from continued foreclosure and collection efforts. *See Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1215 (M.D. Fla. 2015) (finding that the defendant bank was liable for punitive damages after it took no action to prevent errors from occurring, even after repeated notifications from the plaintiffs). It is, therefore,

**ORDERED** that the Defendant's Motion for Partial Judgment on the Pleadings (Doc. 82) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 24, 2017.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party